UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WESLEY RYAN ANDERSON,

        Plaintiff,

        v.                                          Case No. 25-cv-1991-bhl

MATTHEW GLAB,
NICHOLAS CALABRESE,
JON JONES,
JOSH JACOBS, and
COUNTY OF KENOSHA,

        Defendants.

---

## SCREENING ORDER

---

        Plaintiff Wesley Ryan Anderson, who is currently serving a state prison sentence at the New Lisbon Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Anderson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

        Anderson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Anderson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $8.23. Anderson's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

        The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Anderson states that, on July 15, 2023, he was found unresponsive by Kenosha County Sheriff's Department staff after experiencing a hypoglycemic event. Anderson was transported to the hospital, and the next morning he was moved to the intensive care unit where he was restrained to the bed with leg restraints and a trip chain. Anderson asserts that a few hours after being moved to the intensive care unit, he tried to use the bathroom but was stopped by Defendant Officers Matthew Glab and Nicholas Calabrese, who allegedly threw Anderson forcefully on the bed, causing him bodily harm. He states that Defendant Officers Jon Jones and Josh Jacobs then entered his room and forcefully restrained him by cuffing him behind his back and removing him from the intensive care unit even though he had not been medically discharged. Anderson states that he

was then transported to the jail while "in dire pain." Upon arrival at the jail, a nurse asked for Anderson's discharge papers. After Jacobs answered that he did not know about that and there was nothing wrong with Anderson, the nurse asked if he was out of his mind. Jacobs then instructed Jones to call the hospital, and Calabrese drove back to the hospital to get a doctor to sign the discharge papers.

## THE COURT'S ANALYSIS

According to Anderson, he was a pretrial detainee at the relevant time, so his claim must be analyzed under the Fourteenth Amendment's standard of objective reasonableness, which "turns on the 'facts and circumstances of each particular case.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). With the foregoing legal principles in mind, the Court will allow Anderson to proceed on a Fourteenth Amendment claim based on allegations that the Glab, Calabrese, Jones, and Jacobs' response to Anderson's attempt to use the restroom was unreasonable given that Anderson had not been medically cleared for discharge and was still experiencing significant pain.

Anderson does not, however, state a *Monell* claim against Kenosha County. To state a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978), a plaintiff must allege direct liability by showing that the constitutional violation was "caused by (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority." *Milestone v. City of Monroe*, Wis., 665 F.3d 774, 780 (7th Cir. 2011). Anderson does not reference a policy or widespread custom or practice, and the Court cannot reasonably infer from this single incident that impacted only Anderson, that the alleged constitutional violation was the result of an express policy or widespread custom or practice.

**IT IS THEREFORE ORDERED** that Anderson's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Anderson fails to state a claim against Kenosha County, so the clerk's office is directed to terminate it from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Matthew Glab, Nicholas Calabrese, Jon Jones, and Josh Jacobs pursuant to Federal Rule of Civil Procedure 4. Anderson is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Matthew Glab, Nicholas Calabrese, Jon Jones, and Josh Jacobs shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Anderson is located.

**IT IS FURTHER ORDERED** that the agency having custody of Anderson shall collect from his institution trust account the $341.77 balance of the filing fee by collecting monthly payments from Anderson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Anderson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Anderson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Anderson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 21st day of January, 2026.

*s/ Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge